**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens

*Counsel to Fred Stevens, Chapter 11 Trustee*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MEYZEN FAMILY REALTY ASSOCS., LLC, et al., | : | Case No. 18-23419 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S RESPONSE TO THE MOTION OF MANUEL ASTUDILLO SEEKING DISCOVERY PURSUANT TO FED. R. BANKR. P. 2004(a) FROM (I) THE NEW YORK STATE DEPARTMENT OF LABOR, (II) MARCHIONDA & FERRER, PA, AND (III) BARBARA MEYZEN**

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

Fred Stevens, chapter 11 trustee (the "Trustee") of the estates of (i) Meyzen Family Realty Associates, LLC ("MFRA") and (ii) La Cremaillere Restaurant Corporation ("La Cremaillere", and together with MFRA, the "Debtors" and each a "Debtor"), by his attorneys, Klestadt Winters Jureller Southard & Stevens, LLP, submits this response (the "Response") to the first application of Manuel Astudillo ("Mr. Astudillo") (the "First Application") [Docket No. 122] and second application for the production of certain documents and things (the "Second Application") [Docket Nos. 137-138] (collectively, the "Applications"). In support of the Response, the Trustee respectfully represents as follows:

## RELEVANT BACKGROUND

1. From the date of his appointment on or around July 25, 2019, up until February 16, 2020, the Trustee operated the Debtor's French restaurant (the "Restaurant") at 45 Bedford-Banksville Rd., Bedford, New York 10506 (the "Premises"). Mr. Astudillo was the head chef at the Restaurant for years prior to the Trustee's appointment, and at all relevant times after. Upon closure of the Restaurant, all employees including Mr. Astudillo were let go. Immediately following the closure of the Restaurant, Mr. Astudillo filed identical claims against each of the Debtors' estates, each dated February 19, 2020, seeking allowance of a priority claim pursuant to 11 U.S.C. § 507(a)(4) for back wages in the amount of $19,125 (the "Astudillo Claims") [MFRA POC No. 7; La Cremaillere POC No. 17]. The Astudillo Claims were not scheduled by the Debtors and were never brought to the Trustee's attention until after the Restaurant was closed. Mr. Astudillo also claims to be owed sums in connection with loans made to the Debtors and/or its principals, Robert and Barbara Meyzen

2. By the First Application [Docket No. 122], Mr. Astudillo appeared to be seeking the following documents:

   (i) March and June 2019 quarterly payroll returns;

   (ii) 2019 audited profit and loss;

   (iii) 2018 and 2019 tax returns for La Cremaillere, including any schedule of the amount of wages paid and to whom; and

   (iv) the January to July 2019 bank account records.

It was unclear who Mr. Astudillo sought those documents from, although it appeared to be the Debtors' co-principal, Barbara Meyzen, and an undisclosed "CPA."

3. On July 22, 2020, Mr. Astudillo filed the Second Application seeking authority to obtain the following documents from Barbara Meyzen, the Debtors' co-principal, and Marchionda & Ferrer, PA, the Debtors' accounts prior to the Trustee's appointment:

(i) 2018 and 2019 1120S Federal Tax Returns;

(ii) 2018 and 2019 Payroll Quarterly 941 Tax Returns and Payroll Ledger; and

(iii) 2018 and 2019 Wage Withholding Records and W2's filed to the New York State and Internal Revenue Service;

and the following documents from the New York State Labor Department:

(iv) 2018 and 2019 Quarterly Combined Wage Reporting and Unemployment Returns.

**RESPONSE**

4. While neither of the Applications is directed to the Trustee, the Trustee does not want the Court or other parties to think that the Trustee has not been responsive to Mr. Astudillo or any other creditors. Accordingly, the Trustee felt it necessary to respond to each of the Applications to the extent that it seeks documents and things from the Trustee, or implies that the Trustee has not been responsive to the issues and concerns of Mr. Astudillo.

5. Although Mr. Astudillo was an employee of La Cremaillere, the Trustee never had any conversations with him outside of salutations during the Trustee's routine inspections of the Restaurant until February 20, 2020. On February 20th, Mr. Astudillo sent an email to the Trustee informing the Trustee for the first time that he had received bad checks from the Debtors in the past, that he was owed money for back wages, and that there may have been significant inconsistencies between what was withheld from his pay prior to the Trustee's appointment, and what the Debtors told the taxing authorities was withheld from his pay. Given the implications

of Mr. Astudillo's email, the Trustee sent a copy of the correspondence on February 21, 2020 to the Assistant United States Attorney who is handling the Government's prosecution of claims against Barbara Meyzen for certain financial crimes.[1]

6. The Trustee has had several other email and telephonic communications with Mr. Astudillo and his accountants and/or friends, Bryan O'Rourke and G. Joseph Ferrer (Mr. Ferrer appeared to be assisting Mr. Astudillo previously, although now he appears to be a target of the discovery Mr. Astudillo seeks), regarding the Debtors' case, the economics of the Debtors' estates, the Astudillo Claims, and the payroll tax issues, including emails on February 21 and 22, March 10, 25 and 31, April 2, 7, 9 and 15, June 30, and July 1. All of Mr. Astudillo's emails and inquiries to the Trustee were responded to the same day that they were received, except for the last which was replied to the following day.

7. On April 7, 2020, the Trustee supplied to Mr. Astudillo and Mr. Ferrer by email, all monthly operating reports and bank statements for the Debtors since the date of the Trustee's appointment, July 25, 2020.

8. On April 9, 2020, the Trustee had a lengthy telephone call with Mr. Astudillo and his representative, Mr. O'Rourke, regarding the case and issues they were having over Mr. Astudillo's personal taxes. The Trustee explained, among other things, that the Trustee had incomplete financial records for the Debtors for all periods prior to his appointment and that he had to recreate those records to the extent possible by obtaining documents from third parties by

---

[1] In connection with the ongoing criminal case of *United States of America v. Barbara Meyzen, a/k/a "Bobbie Meyzen"*, Case No. S1 19-cr-664 (VB) (S.D.N.Y. 2020), Ms. Meyzen has plead guilty and allocated to various crimes. She stated that she started in or about the summer of 2015, engaging in a scheme to maintain control, and continue the operation, of the Debtors through various fraudulent means. Those means included, among other things: (i) the submission of falsified bank statements and financial information to at least nine different lenders for the purpose of obtaining loans; (ii) forging signatures and filing a falsified satisfaction of mortgage with respect to a mortgage against MFRA's real estate; (iii) using two customers' credit cards without authorization to incur over $130,000 in charges; (iv) diversion of funds belonging to the Debtors; (v) misleading the United States Trustee with respect to the maintenance of insurance; and (vi) lying to agents of the Federal Bureau of Investigation.

way of subpoenas issues pursuant to Bankruptcy Rule 2004. Also, on April 9, 2020, the Trustee's counsel provided to Messrs. Astudillo and Ferrer by e-mail the following documents:

- La Cremaillere bank statements for Bank of America Account No. *****6148 for the period of January 2019 to July 2019;

- La Cremaillere bank statements for Citibank Account No. *****5019 for the period of January 2019 to July 2019;

- La Cremaillere bank statements for Citibank Account No. *****0379 for the period of January 2019 to July 2019;

- La Cremaillere bank statements for People's United Account No. *****2790 for the period of January 2019 to July 2019;

- La Cremaillere bank statements for Union Savings Bank No. *****2653 for the period of January 2019 to July 2019; and

- La Cremaillere bank statements for Union Savings Bank No. *****1116 for the period of January 2019 to July 2019

9. With respect to the documents sought by the Second Application, the Trustee responds as follows:

| Document Requested | Trustee Response |
| --- | --- |
| 2018 and 2019 1120S Federal Tax Returns | It is the Trustee's understanding that the Debtors never filed either 2018 or 2019 Federal tax returns. Since the entities are flow-through entities for tax purposes, the obligation to file the returns belongs to the owners, Robert and Barbara Meyzen.<br><br>The Trustee has made the same request for production of these documents to the Meyzens, and will supply them to Mr. Astudillo if and when the Meyzens prepare and file the returns. |

5

| | |
|---|---|
| | Although the Trustee does not believe that the returns exist at this time, there is no reason why Mr. Astudillo cannot seek their production from Barbara Meyzen and Marchionda & Ferrer, PA to the extent they exist or are subsequently created. |
| 2018 and 2019 Payroll Quarterly 941 Tax Returns and Payroll Ledger | The Trustee has not located the quarterly payroll returns for the periods prior to his appointment. The proof of claim filed by the IRS [POC No. 2-1], indicates that those quarterly returns were never filed and resulted in assertions of estimated taxes due.<br><br>The Trustee has sent to Mr. Astudillo the 3rd and 4th quarter 2019 returns created during the Trustee's tenure. The Trustee has also provided Mr. Astudillo with the Debtors' QuickBooks files that were created and kept by Barbara Meyzen prior to the Trustee's appointment.<br><br>Although the Trustee does not believe that any other documents exist, the Trustee does not see any reason why Mr. Astudillo cannot seek their production from Barbara Meyzen and Marchionda & Ferrer, PA. |
| 2018 and 2019 Wage Withholding Records and W2's filed to the New York State and Internal Revenue Service | The Trustee has not located the wage withholding records and W2s for 2018. Mr. Astudillo has been sent his W2 for 2019 and presumably his W2 for 2018, although that would have been done prior to the Trustee's appointment. Mr. Astudillo is not entitled to receive any W2s issued to other employees.<br><br>As stated above, the Trustee has provided Mr. Astudillo with the Debtors' QuickBooks files that were created and kept by Barbara Meyzen prior to the Trustee's appointment. |
| 2018 and 2019 Quarterly Combined Wage Reporting and Unemployment Returns | The Trustee has not located the quarterly wage reporting and unemployment returns for the periods prior to his appointment.<br><br>The Trustee is sending Mr. Astudillo the 3rd |

|  | and 4th quarter 2019 returns created during the Trustee's tenure. |
|---|---|
|  | Based upon the proof of claim filed by the IRS, it is highly likely that these returns were not filed by the Debtors. |
|  | Although the Trustee does not believe that any other documents exist, the Trustee has no objection to Mr. Astudillo seeking their production from the New York State Labor Department. |

10. As set forth above, the Trustee has been and continues to be very responsive to the needs and concerns of Mr. Astudillo, as with all other creditors of the Debtors' estates. The Trustee has provided Mr. Astudillo with everything that the Trustee has and will continue to do everything within reason to assist Mr. Astudillo.

11. The Trustee has no objection to the Applications to the extent that they seek to obtain an examination of Barbara Meyzen, Marchionda & Ferrer, PA, or the New York State Labor Department. Attached hereto as <u>Exhibit A</u> is a proposed order granting the Applications, which will be submitted to the Court in MS Word format for the Court's consideration.

Dated: New York, New York
July 23, 2020

Respectfully submitted,

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Fred Stevens*
Fred Stevens
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: fstevens@klestadt.com

*Counsel to Fred Stevens, Chapter 11 Trustee*